**SAN GERONIMO CARIBE PROJECT, INC., Plaintiff–Appellant**

v.

**Hon. Anibal ACEVEDO VILA, in his individual and personal capacity; Hon. Roberto J. Sanchez Ramos, in his individual and personal capacity; Luis A. Velez Roche, P.E., in his individual and personal capacity; John Doe; Jane Doe, Defendants–Appellees.**

No. 09–2566.

United States Court of Appeals, First Circuit.

Dec. 21, 2011.

John M. Garcia, Orlando Fernandez, Garcia & Fernandez Law Offices PSC, San Juan, PR, Richard H. Fallon, Harvard Law School, Cambridge, MA, for Plaintiff–Appellant.

Wandymar Burgos–Vargas, Leticia Casalduc–Rabell, Zaira Z. Giron Anadon, Jose J. Gueits–Ortiz, Susana I. Penagaricano Brown, Irene Sofia Soroeta–Kodesh, PR Department of Justice, San Juan, PR, for Defendants–Appellees.

Before LYNCH, Chief Judge, BOUDIN, LIPEZ, HOWARD, and THOMPSON, Circuit Judges.

## ORDER OF COURT

A majority of the active judges having voted to rehear this case en banc, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion and the dissent released on

---

June 17, 2011, is withdrawn, and the judgment entered on the same date is vacated. See 1st Cir. I.O.P. X(D).

The parties have filed briefs and the en banc court will have copies of these briefs. However, the parties are asked to file supplemental briefs addressing the questions listed below and any related issues that may be pertinent. Such briefs should be filed simultaneously on or before **January 26, 2012.** Amici are welcome to file amicus briefs, not to exceed 20 pages per brief, on the same schedule, but must seek leave of court.

The questions are:

1. How do the principles of the *Parratt–Hudson* doctrine, including its development in *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), apply in the circumstances of this case?

2. Is First Circuit law inconsistent with this governing Supreme Court law? If so, is that circuit precedent relevant to the "clearly established law" analysis for purposes of the qualified immunity inquiry?

3. Assuming a due process violation occurred in the present case, does qualified immunity apply?

Supplemental briefs must comply with applicable rules concerning format, page limit, number of copies, service and other requirements, The en banc hearing will be scheduled for **April 3, 2012, at 9:00 a.m.**

*It is so ordered.*